**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BRAD PATTERSON, individually and on behalf of all others similarly situated, | : | Civil File No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| 360CONNECT, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

**Preliminary Statement**

1.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.      The Plaintiff Brad Patterson alleges that 360Connect, LLC ("360Connect") made unsolicited pre-recorded calls to Mr. Patterson and others without their prior express consent.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Brian Patterson is an adult individual that resides in this District.

6.      Defendant 360 Connect, LLC is a limited liability company in Texas.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      The Court has personal jurisdiction over Defendant because they made the pre-recorded calls at issue into this District.

9.      Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made from this District.

## TCPA Background

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Calls Made Using a Pre-Recorded Message

11.      The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

## Factual Allegations

13.     360Connect is an online marketplace that connect buyers with suppliers in different industries.

14.     360Connect uses telemarketing to promote these services over the telephone using a recorded message.

<u>Calls to Plaintiff</u>

15.     Mr. Patterson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.     Mr. Patterson's cellular telephone number (812) 361-XXXX.

17.     This number is assigned to a cellular service.

18.     However, Mr. Patterson received at least one pre-recorded call on March 31, 2022 from the defendant.

19.     The recorded message stated:

> This is a courtesy call to let you know that you will be contacted by up to 5 suppliers that service your area. They are all well qualified to meet your needs and all you have to do is choose one.

20.     The calls were clearly pre-recorded because (a) there was a pause before the recording played, (b) the robot had a generic and unnatural monotone voice.

21.     The Plaintiff made no such request.

22.     A call back to the number that called the Plaintiff identifies the Defendant.

23.     Indeed, it directs the caller to the Defendant's website, https://www.360connect.com/.

24.     It was the Defendant's services that were promoted on the call.

25.     Indeed, other individuals have complained about the Defendant's calling:

> A scam of a company that will NOT stop calling you no matter what you say. Decline or agree to receive a quote.. doesn't matter. They won't quit.
>
> They cold call and email weekly, sometimes daily, and sometimes multiple (3+) times a day even after you tell them you're not interested! We've told them to remove ** from their call list and completely "unsubscribed" from them but they just won't stop. How do you get these people to stop? Very spammy and obnoxious business model. Would not recommend them due to their lack of integrity and boundaries. Stick to your current telecom company. Do not give them any personal information, name, titles, emails, or cell or even entertain receiving a free quote. It will never stop.I wish GDPR was a bigger thing in *******. *sigh*

https://www.bbb.org/us/tx/austin/profile/internet-marketing-services/360connect-lp-0825-90051311/customer-reviews

26.     Plaintiff's privacy has been violated by the above-described telemarketing calls.

27.     Plaintiff never provided her consent or requested these calls.

28.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed.

In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

29.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

31.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of 360Connect, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

32.     Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33.     The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Classes as she has no interests that conflict with any of the class members.

34.     Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

35.     This Class Action Complaint seeks injunctive relief and money damages.

36. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

37. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, is in the hundreds for each class.

38. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. whether a pre-recorded message was used to send calls;
    b. whether Defendant's conduct constitutes violations of the TCPA; and
    c. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

42. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

43. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44.     The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

45.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

47.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting 360Connect from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Classes up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

B.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

C.     Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys,

By:

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com